NANGLE, Senior District Judge,
concurring:.
This District Judge concurs with his colleagues in this matter but under protest. The protest is not against the majority, who are two of the finest Circuit Judges in this country, but is instead against the antiquated, out-of-date judicial theories which force upon us. the result reached in this case.
The case at hand is but one example of a growing trend in class action litigation in this country. Plaintiffs’ attorneys are increasingly filing nationwide class actions in various state courts, carefully crafting the language in the petitions or complaints in order to avoid the amount in controversy requirement of the federal courts. Existing federal precedent, as so clearly articulated by the majority, mandates that this practice be permitted, although most of these cases in actuality will be disposed of through “coupon” or “paper” settlements.[1] Actual monetary compensation rarely reaches the class members. Concurrently, and perhaps coincidentally, such settlements are virtually always accompanied by munificent grants of or requests for attorneys’ fees for class counsel.[2]
*799 The instant case is virtually indistinguishable from the types of cases that result in coupon settlements. The plaintiffs allege fraud in the sale of an extended warranty plan for their GM vehicles costing $685 per policy. The lead plaintiffs in the instant case purport to waive all punitive damages and to limit compensatory damages to $75,000 per class member. Even if this waiver were effective, the reality of the situation is that plaintiffs will likely seek to amend their complaint and seek greater amounts of damages after the one year removal window has closed. 28 U.S.C. § 1446(b). I make no comments on the merits of this case. But, if it reaches the trial stage, I am willing to predict that it will be settled. Facing the possibility of an Alabama jury which occasionally brings in “gigantic awards” in cases of this sort (as pointed out by the majority),[3] defendants in this case will be under extreme pressure to settle with the only potential obstacle to settlement being plaintiffs’ attorneys fees. Thus, the stage is set for a coupon settlement, with the only cash involved flowing directly to plaintiffs’ attorneys. And that cash will far exceed $75,-000.
Consequently, although the majority’s opinion correctly states and analyzes the law as it currently stands, this Judge is of the opinion that the present case law does not adequately accommodate the reality of modern class action litigation and settlements. The amount in controversy doctrine, in particular the rules concerning aggregation, should provide for the inclusion of the prospective attorneys’ fees being sought. In many such cases, that is the true “amount in controversy.” Under the current state of the law, however, this Judge has no choice but to concur in the opinion of his esteemed colleagues.

. These settlements typically involve the extension or expansion of an existing warranty or coupons for rebates on future purchases from defendants.

. See In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab., 55 F.3d 768 (3d Cir.1995) (discussing settlement involving relief of rebate coupons on future truck purchases for the class and $9.5 million in attorneys' fees); In re Ford Motor Co. Bronco II Prod. Liab. Litig., 981 F.Supp. 969 (E.D.La. *799 1997) (rejecting proposed settlement involving “utility vehicle package” of safety materials for class and $6 million in fees for attorneys); In re Domestic Air Transp. Antitrust Litig., 148 F.R.D. 297 (N.D.Ga.1993) (approving proposed settlement which included discount travel certificates for class and over $14 million in attorneys fees); In re Cuisinart Food Processor Antitrust Litig. (D.Conn. Oct. 24, 1983) (approving settlement giving discount coupon on future purchases to class and $600,000 in attorneys’ fees). Just recently, a Cook County class action case was settled by sending three golf balls to each member of the class, with significant attorneys’ fees for the plaintiffs' attorneys. Jerry Heaster, Enough Already with the Lawsuits, Kan. City Star, July 10, 1999, at Cl.

. BMW of North Am., Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) (striking down $4 million dollar punitive damage award in Alabama paint damage case); Margaret Cronin Fisk, Jurors’ Satellite Signal: $581M, Nat'l L.J., May 24, 1999, at B5 (citing Carlisle v. Whirlpool Fin. Nat’l Bank, No. 97-068 (Al. Cir. Ct., Hale Cty.) (awarding $581 million in damages for consumer fraud in the sale and financing of two television satellite dishes)).